
UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

NEW YORK
REGIONAL OFFICE

February 18, 2025

**VIA ECF**
The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1426 South
Brooklyn, New York 11201

    Re: <u>*SEC v. Adani, et al.*, 24-cv-08080-NGG (E.D.N.Y.)</u>

Dear Judge Garaufis:

    Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this status update regarding its efforts to serve its Complaint on Defendants Gautam Adani and Sagar Adani (collectively, "Defendants"). Defendants are located in India, and the SEC's efforts to serve them there are ongoing, including through a request for assistance to the Indian authorities to effect service under the Hague Service Convention for Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention").

    The SEC filed its Complaint on November 20, 2024, alleging that Defendants violated the antifraud provisions of the federal securities laws by knowingly or recklessly making false and misleading representations concerning Adani Green Energy Ltd. ("Adani Green") in connection with a September 2021 debt offering by Adani Green. In a related criminal case arising from many of the same alleged facts, the United States Attorney for the Eastern District of New York charged Defendants with, among other things, conspiracy and securities fraud. *See United States v. Adani, et al.*, 24-cv-433-NGG (E.D.N.Y.).

    Because Defendants are located in a foreign country, Rule 4(f) of the Federal Rules of Civil Procedure ("FRCP") governs service of the Summons and Complaint. FRCP 4(f) contains no set time limit for service, and the SEC may serve Defendants "by any internationally agreed means of service that is reasonably calculated to give notice," *see* FRCP 4(f)—such as the Hague Service Convention. *See Gurung v. Malhotra*, 279 F.R.D. 215, 218 (S.D.N.Y. 2011) (noting that service via the Hague Service Convention is one permissible means of serving defendants located in India). Since the filing of its Complaint, SEC staff has been working to serve Defendants in accordance with FRCP 4(f). SEC staff has contacted Defendants or their counsel (to the extent SEC staff is aware of such counsel) and has sent them Notices of Lawsuit and Requests for Waiver of Service of Summons, including copies of the Complaint. Additionally, under Article 5(a) of the Hague Service Convention, the SEC has requested assistance from India's Ministry of Law and Justice, the Central Authority for India under the Hague Service Convention. That process is ongoing, and the SEC will continue its efforts to serve Defendants

in India by the methods prescribed by FRCP 4(f)—including under the Hague Service Convention—and will keep the Court apprised of its progress.

Respectfully submitted,

/s/ Christopher M. Colorado
Christopher M. Colorado
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
100 Pearl St., Suite 20-100
New York, NY 10004-2616
(212) 336-9143 (Colorado)
ColoradoCh@sec.gov

*Counsel for Plaintiff Securities and Exchange Commission*