**Exhibit M**



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

Christopher Colorado | Senior Trial Counsel
Direct Dial: +1 (212) 336-9143
Email: ColoradoCh@sec.gov

May 27, 2025

*By Email and Overnight Delivery*
Government of India
Ministry of Law and Justice
Department of Legal Affairs, Judicial Section
Room No. 439-A
Shastri Bhawan, New Delhi
India
ATTN: Deputy Legal Adviser
Email: Judicial-dla@nic.in

Re:   Request for Service of summons/notice/documents under the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters upon (1) Gautam Adani and (2) Sagar Adani

Dear Deputy Legal Adviser,

      Thank you for your letter of April 16, 2025 (attached) returning the request by the United States Securities and Exchange Commission ("SEC") asking for the assistance of the Government of India under the Hague Service Convention in serving a Summons and Complaint upon two defendants in ongoing litigation (the "Requests"). Your letter states that our Requests were returned because "the forwarding letter bears no seal [and] signature and that the Model Form bears no seal of the requesting authority as well." We would like to take this opportunity to provide the following information that we believe demonstrates that our Requests were submitted in compliance with the Hague Service Convention and that no seal or signature is required on the forwarding cover letter and no seal is required on the Hague Service Convention Model Form or any enclosed documents. We are resending our Requests and we respectfully ask that you reconsider your decision to return the Requests and move forward with their execution.

      The Hague Service Convention states the requirements for a request for assistance in serving documents. Specifically, Article 3 of the Hague Service Convention states that a request may be sent by "[t]he authority or judicial officer competent under the law of the State in which the documents originate." The United States has stated that "any court official, any attorney, or any other person or entity authorized by the rules of the court" is "competent to transmit service

requests abroad pursuant to Article 3[.]"[1] In this matter, the SEC's Requests were sent and personally signed by the undersigned, an SEC trial attorney who represents the SEC in the litigation for which the SEC seeks the assistance of the Government of India. Accordingly, the undersigned is competent to transmit a request abroad under the Hague Service Convention and United States law, which govern.

We respectfully submit that the SEC's Requests also complied with the other requirements of the Hague Service Convention, including that the Requests were submitted in proper format and with the proper signatures. Article 3 of the Hague Service Convention states that a request for assistance forwarded to a Central Authority must conform "to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality." The Hague Service Convention clearly states that no additional seals or formalities are required. Here, the SEC's Requests included the Model Form, with original signatures, and therefore they complied with the Hague Service Convention. No additional seals or formalities were required.

The *Practical Handbook on the Operation of the Service Convention*, 4th Edition ("Practical Handbook") is informative on this point. The Practical Handbook was drafted by the Permanent Bureau of the Hague Conference on Private International Law, reviewed by a Special Commission convened to review the practical operation of the Convention, and approved by the Council on General Affairs and Policy of the Hague Conference—and it is a reliable source on interpretation and implementation questions related to the Hague Service Convention. The Practical Handbook states, "[i]t sometimes does happen that a Central Authority informs the forwarding authority that documents accompanying any request may not be served under they are "original", i.e., **unless they bear the seal and stamp** of the issuing court . . . . **This practice is erroneous**." Practical Handbook at page 52, ¶ 156 (emphasis added); *see also* Page XLVIII, FAQ 14; Page 52, ¶¶ 155, 157, 158.[2] Together, the text of the Hague Service Convention and the Practical Handbook clearly indicate a seal or other form of document certification is not required on the Model Form or any accompanying documents.

As set forth above, the Hague Service Convention only requires completion of the Model Form signed by an individual that is competent per the requesting state to transmit a request abroad. The SEC's Requests met these requirements. The SEC's Requests also included a cover letter, which is entirely optional and meant to provide additional guidance. Because the cover letter is optional, whether it includes a digital or ink signature should not serve as a reason to return the Requests.

Finally, we note that we have records of several past Requests for Service under the Hague Service Convention that the SEC transmitted to the Indian Central Authority which were

---

[1] *See* United States of America – Central Authority and Practical Information, available at https://www.hcch.net/en/states/authorities/details3/?aid=279.

[2] The Handbook is. It was drafted by the Permanent Bureau of the Hague Conference on Private International Law, reviewed by a Special Commission convened to review the practical operation of the Convention, and approved by the Council on General Affairs and Policy of the Hague Conference.

formatted identically, and which were executed without issue. This includes Requests for Service sent as recently as December 2024, which had no seals, and the forwarding cover letter was digitally signed. Additionally, the SEC regularly sends Requests for Service under the Hague Service Convention to other Central Authorities without seals and with digitally signed forwarding cover letters and these requests are regularly executed without objection.

We kindly ask that you reconsider your initial assessment based on the information we have provided in this letter. We have once again enclosed the Requests for Service on Mr. Gautam Adani and Mr. Sagar Adani and would appreciate you moving forward with effecting service in this matter. Please contact me at 212-336-9143 and ColoradoCh@sec.gov should you wish to discuss this matter further, or if you have any additional questions.

Thank you for your consideration.

Christopher Colorado
Senior Trial Counsel
U.S. Securities and Exchange Commission

cc: Krysta Stanford, Trial Attorney
Office of International Judicial Assistance
U.S. Central Authority for the Hague Service Convention
U.S. Department of Justice