

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

**NEW YORK**
**REGIONAL OFFICE**

May 14, 2026

**VIA ECF**
The Honorable Nicholas Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    *SEC v. Adani, et al.*, **24-cv-08080 (NGG) (JMC) (E.D.N.Y.)**

Dear Judge Garaufis:

Plaintiff Securities and Exchange Commission ("SEC") respectfully requests that the Court approve and enter the proposed Final Judgments as to defendants Gautam Adani and Sagar Adani, filed herewith. If entered, these Final Judgments would fully resolve the SEC's claims against both defendants, who consent to this request.

Gautam Adani and Sagar Adani are, respectively, the Chairman and Executive Director of Adani Green Energy Limited ("Adani Green"). On November 20, 2024, the SEC filed its Complaint commencing this action. (ECF No. 1, Complaint.) The Complaint alleges, among other things, that both defendants violated Section 17(a) of the Securities Act ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by approving or making false or misleading statements in offering materials in connection with an Adani Green bond offering. (*See generally id.*)

Following negotiations, both defendants have executed consents agreeing to settle the SEC's claims ("Consents"). Without admitting or denying the allegations, each defendant has consented to entry of a proposed Final Judgment that would permanently enjoin him from future violations of Securities Act Section 17(a), Exchange Act Section 10(b), and Rule 10b-5 thereunder, and impose a civil penalty pursuant to Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]. Specifically, the Final Judgments would order Gautam Adani to pay a civil penalty of $6,000,000, and Sagar Adani to pay a civil penalty of $12,000,000. The Commission has reviewed and approved the settlement terms as reflected in the Consents and proposed Final Judgments.

A district court should approve a proposed SEC consent judgment if it is fair and reasonable and, where the consent decree includes injunctive relief, does not disserve the public interest. *See SEC v. Citigroup Global Mkts., Inc.*, 752 F.3d 285, 294 (2d Cir. 2014). Four non-exclusive factors bear on the fairness and reasonableness of a proposed consent judgment: (1) the consent judgment's basic legality; (2) whether the terms and enforcement mechanisms of

the consent judgment are clear; (3) whether the consent judgment resolves the claims in the complaint; and (4) the absence of improper collusion between the parties. *Id.* at 294-95. Finally, where the proposed consent judgment includes injunctive relief, the Court should consider whether an injunction would disserve the public interest. *Id.* at 296-97.

Both proposed Final Judgments satisfy each factor. They are legal, their terms and enforcement mechanisms are clear, they resolve the claims in the Complaint, and they were each the product of arm's-length negotiations. The respective injunctions requiring both defendants to comply with Securities Act Section 17(a), Exchange Act Section 10(b), and Rule 10b-5 thereunder do not disserve the public interest.

Accordingly, the SEC respectfully requests that the Court approve and enter the proposed Final Judgments.

Respectfully submitted,

/s/  Christopher M. Colorado
Christopher M. Colorado

*Attorneys for Plaintiff*

cc:  All Counsel of Record (via ECF)

Attachments:  Consents and Proposed Final Judgments