

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

**New York**
**Regional Office**

May 30, 2026

<u>**VIA ECF**</u>
The Honorable Nicholas Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     **Re:**     <u>*SEC v. Adani, et al.*, **24-cv-08080 (NGG) (JMC) (E.D.N.Y.)**</u>

Dear Judge Garaufis:

Plaintiff Securities and Exchange Commission ("SEC") respectfully writes to inform the Court of a change to the Commission's rules of informal procedure relevant to the Commission's pending Consent Motion to Approve Consent Judgment. (ECF No. 34 ("Consent Motion").) We believe this change warrants revising the proposed Final Judgments previously submitted to the Court as Exhibits to the Consent Motion. (ECF Nos. 34-3, 34-4.) Accordingly, the SEC files herewith revised proposed Final Judgments, including redline comparisons against the prior submissions showing the changes, and requests that these versions of the Final Judgment be entered, for the reasons stated in the Consent Motion. Defendants Gautam Adani and Sagar Adani ("Defendants") have consented to this request.

The previously filed proposed judgments incorporate in full Consents signed by each Defendant. Those Consents, however, contain certain agreements based on a policy that the Commission recently rescinded. Therefore, the Final Judgments in this case should not incorporate those particular provisions of the Consents.

On May 18, 2026, the Commission announced rescission of a policy, codified in Rule 202.5(e) of its rules of informal procedure [17 C.F.R. § 202.5(e)], stating that when it chooses to settle an enforcement action in which a sanction is imposed, it will not settle unless the defendant or respondent also agrees not to publicly deny the allegations in the complaint or administrative order. 91 Fed. Reg. 29892 (May 21, 2026). The Commission also stated that it will not enforce existing no-deny provisions that have already been entered. *Id.* at 29895.

The Consents signed by Defendants reflect the terms of now-rescinded Rule 202.5(e). (ECF Nos. 34-1, 34-2.) Paragraph 2 asserts that the Defendant enters into the Consent "without . . . denying the allegations of the complaint," and paragraph 11 contains further restrictions on denials, per Rule 202.5(e). (ECF No. 34-1 ¶¶ 2, 11; ECF No. 34-2 ¶¶ 2, 11.) Except as discussed below regarding language related to bankruptcy, paragraph 11 of the Consent should not be incorporated into the Final Judgment.

The only portion of paragraph 11 in each of the Consents which should remain in effect is subpart (iv), which provides that the respective Defendant:

> stipulates that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19), and Defendant does not contest that such debt would be non-dischargeable in any bankruptcy proceeding.

That language regarding bankruptcy proceedings is not impacted by the Commission's rescission of the rule and should be part of the Final Judgment. Other than the revisions discussed above, no other provision of the Consents is impacted by the Commission's rescission of Rule 202.5(e).

Accordingly, the attached revised proposed Final Judgments delete the language in paragraph 2 that refers to "without . . . denying" allegations in the complaint, and specify that the only portions of paragraph 11 that are incorporated into the Final Judgments are the language regarding bankruptcy proceedings quoted above.

To avoid potential delay and given that the previously submitted proposed Final Judgments remain pending before the Court, we did not seek new Consents from the Defendants. However, as noted above, Defendants have consented to these proposed revisions to the proposed Final Judgments. Additionally, the proposed revisions do not prejudice Defendants and indeed operate only to their benefit because they remove restrictions on conduct in which Defendants previously agreed not to engage, and that Rule 202.5(e) previously prohibited.

Respectfully submitted,

/s/ Christopher M. Colorado
Christopher M. Colorado

*Attorneys for Plaintiff*

cc: All Counsel of Record (via ECF)

Attachments: Proposed Final Judgments