UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

GAUTAM ADANI AND SAGAR ADANI,

Defendants.

**MEMORANDUM & ORDER**

**24-CV-8080 (NGG) (JRC)**

NICHOLAS G. GARAUFIS, United States District Judge.

The court is in receipt of *pro se* movant Ashu Shukla's Motion to Intervene in this case, ("Mot. to Intervene") (Dkt. 35), and Notice of Right to Sue, (Dkt. 39).[1] For the following reasons, Shukla's motion is DENIED.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for two types of intervention into ongoing lawsuits—(1) intervention as of right, and (2) permissive intervention, so long as the motion to intervene is timely brought. Fed. R. Civ. P. 24(a)-(b). To be granted intervention as of right, a movant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022).[2] To demonstrate the existence of a cognizable interest, the movant must have a "legal interest as distinguished from interests of a

---

[1] This Memorandum and Order omits any discussion of the Notice of Right to Sue, which, while considered by the court in arriving at its disposition, does not appear related to the matter.

[2] When quoting cases, unless otherwise noted, all citations and internal quotations mark are omitted and all alterations are adopted.

general and indefinite character." *Floyd v. City of New York*, 302 F.R.D. 69, 99 (S.D.N.Y. 2014), *aff'd in part, appeal dismissed in part*, 770 F.3d. 1051 (2d Cir. 2014).

While courts "generally accept as true an applicant's well-pleaded, non-conclusory allegations on a motion to intervene, this does not permit courts to turn a blind eye where the allegations are contradicted or unsupported by credible proof. . . ." *Floyd*, 302 F.R.D. at 101.

Permissive intervention is at the discretion of the trial court, which must consider whether the movant has met the same four requirements for intervention as of right, and must also consider other relevant factors including whether allowing the intervention would "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 & n.5 (2d Cir. 2003); *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978).

## II. APPLICATION

While the court must construe Shukla's *pro se* arguments to "raise the strongest arguments they suggest," "dismissal of a *pro se* [motion] is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014). Having considered the motion, the court declines to grant intervention.

### A. Intervention as of Right

Shukla's motion fails to demonstrate a cognizable interest in the action. Shukla claims his involvement is necessary because the SEC settlement "would impact Global investors, Business and Peace initiatives" and harm "public interests." (Mot. to Intervene

at 1-2.) Shukla contends that the lawsuit against Adani is a coordinated effort of certain persons or entities in the United States and Indian government officials to extract bribes from Adani. (Mot. to Intervene at 6.) Shukla alleges the existence of a scheme by "US deepstate actors" to push a "malicious agenda." (Mot. To Intervene 6 ("From selection of Indian state actors to placement of US SEC & DOJ teams, from arrangement of Robert J. Giuffra, Jr. as Gautam Adani's lawyer to an effort to abruptly settle the matter, US deepstate actors appear have deliberately worked with numerous state and non-state actors to push her [sic] malicious agenda.").) None of these appear to credibly implicate his personal, legal interest, but instead a nebulous "public interest" and other persons including Mr. Adani himself. *Floyd*, 302 F.R.D. at 99.

Additionally, Shukla's allegations are not credible because they are conclusory and speculative. *Floyd*, 302 F.R.D. at 101 (quoting *United Parcel Serv. of Am., Inc. v. Net, Inc.*, 225 F.R.D. 416, 422 (E.D.N.Y. 2005)); *Ohio Sec. Ins. Co. v. ADA Island Constr. Corp.*, No. 24-CV-3422 (AMD) (CLP), 2025 WL 2407135, at *6 (E.D.N.Y. Aug. 19, 2025); *Oneida Indian Nation of Wisc. v. New York*, 732 F.2d 261, 265 (2d Cir. 1984). In support of his motion, Shukla attaches six exhibits consisting largely of his own social media posts and, confusingly, a proposed peace plan for the conflict in Gaza. (*See* Exhibits A-F to Mot. to Intervene.) Shukla has not adequately explained which "public interests" may be impaired by the disposition of the action, and why, and provides no credible evidence to show that the SEC settlement is a coordinated effort of certain persons or entities in the United States and Indian government officials. Shukla fails to allege the identity of the Indian state actors, or describe with any specificity the United States's "malicious agenda." He also fails to say why the selection

3

of members of the "SEC & DOJ teams" and Adani's personal lawyer are influenced by the same agenda.[3] For the foregoing reasons, Shukla has failed to meet his burden to intervene as of right.

### B. Permissive Intervention

As the tests for intervention are largely overlapping, the court in its discretion also denies Shukla's motion. *See In re Bank of N.Y. Derivative Litig.*, 320 F.3d at 300 & n.5. The court does not believe that the proposed intervention will contribute to the development of the underlying factual issues and to the just and equitable adjudication of the legal questions presented. *See Brennan*, 579 F.2d at 191. If anything, it would do the opposite.

## III. CONCLUSION

The court therefore DENIES Shukla's motion and respectfully DIRECTS the Clerk of Court to deny any further filings by him on this docket.

SO ORDERED.

Dated:      Brooklyn, New York
            July 15, 2026

s/Nicholas G. Garaufis, USDJ
NICHOLAS G. GARAUFIS
United States District Judge

---

[3] Shukla also alleges that "US deepstate actor and Trump aide Donna (also known as Joanna Rohde) and supporting Indian female state actors" have tried to tie Shukla himself with the defendant Gautam Adani to conceal their collusion. (Mot. to Intervene at 6.) However, Shukla has not provided any details regarding Joanna Rhode's identity, how she and Indian government officials tried to tie Shukla to Adani, and why tying Shukla to Gautam Adani could help Joanna Rhode and the unnamed Indian government officials.